IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DOUGLAS ANDERSEN,

      Plaintiff,                    No. CIV S-10-0118 EFB P

    vs.

STEVEN HOSS,

      Defendant.               <u>ORDER</u>

                              /

       Douglas Andersen, an inmate confined at Wasco State Prison, filed this pro se civil rights action under 42 U.S.C. § 1983. The proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent. *See* E.D. Cal. Local Rules, Appx. A, at (k)(4).

       Plaintiff has filed an application to proceed in forma pauperis. The court has reviewed the complaint, and for the reasons set forth below finds that the complaint fails to state any claims for which relief can be granted under section 1983 and dismisses it with prejudice.

**I.    Request to Proceed In Forma Pauperis**

       Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Dckt. No. 2. His application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect

1

and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

## II. Screening Order

Pursuant to 28 U.S.C. § 1915A, the court shall review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000). While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Id.* (citations and quotation marks omitted). Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth. *Id.* at 1950.

////

////

1  The Civil Rights Act under which this action was filed provides:

2  Every person who, under color of [state law] . . . subjects, or causes to be
3  subjected, any citizen of the United States . . . to the deprivation of any rights,
   privileges, or immunities secured by the Constitution . . . shall be liable to the
   party injured in an action at law, suit in equity, or other proper proceeding for
4  redress . . . .

5 42 U.S.C. § 1983. An individual defendant is not liable on a civil rights claim unless the facts

6 establish the defendant's personal involvement in the constitutional deprivation or a causal

7 connection between the defendant's wrongful conduct and the alleged constitutional deprivation.

8 *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44

9 (9th Cir. 1978).

10  The court has reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915A and finds it

11 does not state a cognizable claim. Plaintiff names his trial attorney as a defendant and claims

12 that his attorney did not show up to court, leaving plaintiff unrepresented during part of his trial.

13 He claims that this constitutes ineffective assistance of counsel.

14  It appears that, despite his demand for money damages, plaintiff's claim goes to the

15 validity of his conviction or sentence. The Supreme Court has held that "a state prisoner's

16 § 1983 action is barred (absent prior invalidation)--no matter the relief sought (damages or

17 equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or

18 internal prison proceedings)--if success in that action would necessarily demonstrate the

19 invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005)

20 (emphasis added); *see also Edwards v. Balisok*, 520 U.S. 641 (1997); *Heck v. Humphrey*, 512

21 U.S. 477 (1994). Were plaintiff to succeed on his claims that his defense attorney provided

22 ineffective assistance, assuming that he was prejudiced as a result, those findings would

23 necessarily implicate the constitutionality of plaintiff's current imprisonment. *See Heck*, 512

24 U.S. at 487. Plaintiff has not demonstrated that his sentence has previously been invalidated.

25 His claims challenging the validity of his conviction or sentence must therefore be dismissed

26 without leave to amend. *See* 28 U.S.C. § 1915A; *see also Lopez v. Smith*, 203 F.3d 1122, 1128

3

1  (9th Cir. 2000) (indigent prisoner proceeding without counsel must be given leave to file
2  amended complaint unless the court can rule out any possibility that the plaintiff could state a
3  claim). Plaintiff may wish to file a habeas corpus petition challenging the validity of his
4  conviction due to the allegedly ineffective assistance of his trial counsel.
5     Accordingly, it is hereby ORDERED that this action be dismissed for plaintiff's failure to
6  state a claim.
7  Dated: December 10, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE